COURT OF APPEALS
DECISION
DATED AND FILED

October 11, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2021AP578-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CF38

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

LARON DONTE ROBINSON,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County:  JONATHAN D. WATTS, Judge.  *Reversed and cause remanded with instructions*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Laron Donte Robinson appeals his conviction for possession with intent to deliver more than forty grams of cocaine.  Robinson pleaded guilty to the charge after his motion to suppress was denied.  We conclude that the circuit court applied the incorrect legal standard to determine probable cause for Robinson's warrantless arrest and accompanying search; therefore, it erred when it denied his motion to suppress.  Further, we conclude that the exclusionary rule applies and the evidence should be excluded from any further proceedings.  Accordingly, we reverse his judgment of conviction and remand to the circuit court with instructions to grant his motion to suppress.

## BACKGROUND

¶2     Robinson was arrested by West Allis police officers for possession with intent to deliver over forty grams of cocaine on December 19, 2016.  According to the criminal complaint, that same day a confidential informant (CI) had been arrested during a narcotics investigation and named Robinson as a drug dealer.  The CI arranged a drug deal with Robinson to deliver a large amount of cocaine on South 65th Street in West Allis later that day.  During police surveillance of the location, Robinson was arrested, and the police seized multiple bags of cocaine that were field tested and weighed 186.47 grams.

¶3     In June 2017, Robinson filed a motion to suppress all evidence seized during his arrest because the police did not have a warrant or probable cause for his arrest.  Over multiple hearings in 2018 and 2019, the circuit court[1]

---

[1] The Honorable Janet C. Protasiewicz presided over Robinson's case through the first suppression hearing.  The Honorable Lindsey Canonie Grady presided over the adjourned suppression hearing and denied the motion.  The Honorable Jonathan D. Watts accepted Robinson's plea and sentenced him.  We refer to all of these judges as the circuit court.

heard from two West Allis Police Department officers. At the first hearing date, the initial officer testified that the CI had been arrested for drugs during an execution of a search warrant on December 19, 2016, and the officer himself had no prior interactions with the CI. The District Attorney's office determined that the CI would not be charged with any crimes arising out of the execution of the search warrant. During the CI's debriefing after arrest, the CI took the opportunity to give the police information on other people dealing drugs.

¶4 The officer testified that the CI offered to set up a drug deal with a drug dealer and gave the police Robinson's name, physical characteristics, and phone number. The officer was present when the CI called Robinson to arrange the drug deal later that day. The police confirmed Robinson's identity using law enforcement databases and obtained a Department of Corrections (DOC) photograph of him.

¶5 The officer then testified about his surveillance of the location arranged by the CI for the drug deal with Robinson. The CI advised the police that the CI believed Robinson to be in a vehicle that turned onto South 65th Street near the arranged meeting place and parked. From a distance, the officer noted that the person getting out of the vehicle matched the rough physical characteristics of Robinson as described by the CI. The officer observed Robinson digging around inside the trunk. Then, the arrest command was given from another police vehicle and the police took Robinson into custody. Police seized cocaine from the ground where Robinson fell when he tried running when the police approached and from the trunk of Robinson's car, after "conducting an exterior sniff of that vehicle" by a K9 unit.

¶6 At a second hearing date, a second officer, a detective, testified he was tasked with surveillance of Robinson—based on the CI's description and aided by the DOC website photo—and with initiating any arrest arising out of the arranged drug deal. The detective waited on South 65th Street and observed Robinson pull up and park, exit the driver's side of the vehicle, and open the trunk where he "appeared to be obtaining or manipulating items within that trunk." The detective was approximately seventy yards from Robinson and observed him for one to two minutes using binoculars while he moved things in the trunk. When he positively identified Robinson from the DOC photo, he advised the officers to initiate the arrest.

¶7 The detective testified that Robinson was arrested because the police had credible information that he was coming to this location to deliver cocaine. During cross examination, the detective testified that earlier that same day he had participated in the execution of a search warrant at a residence on South 65th Street at the approximate location of Robinson's later arrest. Although the CI was arrested during that action, the detective did not interact with the CI as it pertains to information about Robinson.

¶8 The circuit court issued an oral ruling in July 2019, concluding that the police had probable cause for the arrest, search, and seizure, and denied Robinson's motion to suppress. The court discussed why the police had probable cause. It stated that the CI did not just name Robinson as a drug dealer, but "facilitated the setup of a transaction for the purchase of drugs." The CI was not "just a person off the street," but instead was "a person who was alleged to have been involved in a … similarly related [crime]." Based on police testimony about using the DOC photograph to recognize Robinson, the court concluded that the police had probable cause to believe the individual at the trunk of the car was

4

Robinson, and that Robinson was there to deliver drugs in the transaction arranged by the CI. The court found that because the CI informed police that a person possessed drugs, arranged to meet with that person to buy drugs, and that person arrived at a neutral location and "goes to his trunk," then Robinson did not need to complete the transaction for the police to have "probable cause to believe that that crime had been committed, because of its anticipatory nature in general."

¶9      After the motion to suppress was denied, Robinson decided to enter a guilty plea to the charge in October 2019, which was accepted after a thorough colloquy with the court. In December 2019, Robinson was sentenced to twelve months of initial confinement and eighteen months of extended supervision in December 2019. Robinson appeals the court's denial of his motion to suppress, as provided by WIS. STAT. § 971.31(10) (2019-20).[2]

## DISCUSSION

¶10      Robinson makes two arguments on appeal. First, he argues that the circuit court erred when it denied his motion to suppress because it applied the wrong legal standard to assess the reliability of the CI to support probable cause for his arrest. Second, he contends that a good faith exception does not apply and the evidence should be excluded for the Fourth Amendment violation. We conclude that the circuit court erred and the suppression motion should have been granted. Further, we conclude that a good faith exception does not apply.

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶11     In reviewing a motion to suppress evidence for violations of the Fourth Amendment, this court applies a two-step standard of review. *State v. Eason*, 2001 WI 98, ¶9, 245 Wis. 2d 206, 629 N.W.2d 625. First, we will sustain the circuit court's findings of historical fact unless they are clearly erroneous. *Id.* Second, we independently review the application of constitutional principles to those facts. *Id.*

¶12     "Warrantless arrests are unlawful unless they are supported by probable cause." *State v. Blatterman*, 2015 WI 46, ¶34, 362 Wis. 2d 138, 864 N.W.2d 26. "Probable cause to arrest refers to that quantum of evidence which would lead a reasonable police officer to believe that the defendant probably committed a crime." *State v. McAttee*, 2001 WI App 262, ¶8, 248 Wis. 2d 865, 637 N.W.2d 774 (quoting *Browne v. State*, 24 Wis. 2d 491, 503, 129 N.W.2d 175 (1964)). Probable cause is a fact specific inquiry and "includes the 'totality of the circumstances' within the officer's knowledge at the time[.]" *State v. Richardson*, 156 Wis. 2d 128, 148, 456 N.W.2d 830 (1990) (citation omitted).

¶13     We apply this "totality of the circumstances" test to determine whether information provided by a confidential informant provided probable cause for an arrest. *See Illinois v Gates*, 462 U.S. 213, 238 (1983); *Richardson*, 156 Wis. 2d at 140. Probable cause arising from an informant is "dependent upon both the content of information possessed by police and its degree of reliability." *State v. Williams*, 2001 WI 21, ¶22, 241 Wis. 2d 631, 623 N.W.2d 106 (citation omitted). When we consider whether the police acted reasonably in reliance on information provided by a confidential informant, we balance two factors—quality

and quantity.[3]  *Id.*  These two factors are "inversely proportional to each other." *Id.*  One practical way for a confidential informant to make a showing of the quality of the information "is to point to accurate information which they have supplied in the past." *State v. Paszek*, 50 Wis. 2d 619, 630, 184 N.W.2d 836 (1971).  However, "if an informant has limited reliability—for example, an entirely anonymous informant—the tip must contain more significant details or future predictions along with police corroboration." *State v. Miller*, 2012 WI 61, ¶32, 341 Wis. 2d 307, 815 N.W.2d 349.  An informant who provides identifying information to police is "likely more reliable" because of the risk of consequences for providing false information. *Id.*, ¶33.

¶14    Robinson argues that the State failed to establish that the CI was sufficiently reliable to provide probable cause to arrest Robinson in three ways under the totality of the circumstances.[4]  First, the CI had no prior interactions

---

[3] Robinson points out that Wisconsin law distinguishes between "a confidential informant" and a "citizen informant" in contemplating the reliability of an informant. *State v. Kolk*, 2006 WI App 261, ¶12, 298 Wis. 2d 99, 726 N.W.2d 337.  A confidential informant is often a person with "a criminal past … who assists the police in identifying and catching criminals, while a citizen informant is someone who happens upon a crime or suspicious activity and reports it to police." *Id.*  We note that the balancing factors would weigh differently for a citizen informant, who is held to a "much less stringent standard"; however, we do not interpret the State to argue that the CI was a citizen informant. *See id.*

[4] Robinson argues it is a reasonable inference that the CI was not charged as a concession for offering information about Robinson.  The State argues that Robinson failed to make this argument to the circuit court; therefore, we should not consider it for the first time on appeal. *See State v. Huebner*, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727.  We conclude that the State did not present the CI as a citizen informant offering information about a crime for the safety of the community, but instead, the record reflects the CI had been arrested and debriefed, offered information about a drug dealer, and offered to arrange a drug transaction with Robinson.  We need not rely on a reasonable inference that the CI exchanged information about Robinson for a concession in criminal charging to reach the conclusion that the CI would not fall under the less stringent standard for citizen informants. *See Kolk*, 298 Wis. 2d 99, ¶12. The evidence in the record of the CI's knowledge and intent is minimal; however, the record does not reflect any evidence of a concerned citizen providing a tip to the police.

with either officer who testified; therefore, the police could not rely on a track record of prior accurate information. Second, the record does not show the factual detail necessary to establish how the CI knew Robinson and that Robinson was dealing drugs. Third, the police did not corroborate the CI's information beyond looking for a photograph on the DOC website. "The wealth of detail communicated by a declarant, for example, may be sufficient to permit an inference that the basis of the declarant's knowledge is sound." *State v. Romero*, 2009 WI 32, ¶22, 317 Wis. 2d 12, 765 N.W.2d 756. We conclude that there is insufficient detail in the evidence presented by the State through police testimony to establish the CI's reliability.

¶15 A case involving a different Robinson illustrates what was lacking here. *See State v. Terion Robinson*, 2010 WI 80, ¶29, 327 Wis. 2d 302, 786 N.W.2d 463. There, an anonymous informant came into the police station and offered the police the name, address, and phone number of a person dealing drugs. *Id.* In efforts to corroborate this information, the police went to the address and knocked on the door and asked for the "Terion" by first name. *Id.* Terion confirmed he was in the apartment. *Id.* The police then called the phone number and heard it ring inside the apartment. *Id.* Only then did the police proceed with an arrest. *Id.*

¶16 In contrast, here, while the police knew the name of the confidential informant, the CI had no track record of providing accurate information. The police looked up Robinson's photograph on the DOC website, but made no efforts to ascertain if Robinson was actually the person named by the CI and on what basis the CI named him. "[P]olice corroboration of innocent, although significant, details of an informant's tip lend reliability to the informant's allegations of criminal activity." *Id.*, ¶27. Here, the record does not reflect that the CI offered

factual details that would allow the police to confirm the reliability of the information. Robinson's mere appearance at the arranged location did not sufficiently establish the CI's reliability.

¶17 Under the totality of the circumstances, there is insufficient evidence to support probable cause for Robinson's arrest. We conclude that the circuit court applied the wrong standard assessing the reliability of the CI. When reliability could not be shown by the quality of past information, the court failed to require that the quantity and content of the information provided balance the missing track record. *See **Romero***, 317 Wis. 2d 12, ¶21. Ultimately, we conclude that the facts of this case do not establish probable cause for Robinson's arrest and do not satisfy the constitutional safeguards against unreasonable search and seizure. Accordingly, we conclude that that the circuit court erred when it denied Robinson's suppression motion.[5]

¶18 When we conclude that an arrest was constitutionally invalid, then the search incidental to that arrest was also invalid, and we must turn to the question of whether any exceptions to the exclusionary rule of that evidence applies. *See **Paszek***, 50 Wis. 2d at 625. Under the exclusionary rule, evidence obtained in violation of the Fourth Amendment is generally excluded from a "criminal proceeding against the victim of the illegal search and seizure." ***United States v. Calandra***, 414 U.S. 338, 347 (1974). The primary purpose of the rule is

---

[5] Additionally, Robinson argues that the circuit court's fact findings were clearly erroneous when it found that the location of the arranged drug deal was "neutral." We agree that there is no evidence in the record to support whether Robinson had a prior relationship to that location. In our examination of the record, the only previous mention of South 65th Street was that it was the location where the search warrant was executed and the CI was arrested earlier that day. However, having concluded that the State failed to prove the CI's reliability to support probable cause, we need not discuss this further.

"to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures[.]" *Id.* However, "exclusion is warranted only where there is some present police misconduct, and where suppression will appreciably deter that type of misconduct in the future." *State v. Burch*, 2021 WI 68, ¶17, 398 Wis. 2d 1, 961 N.W.2d 314, *cert. denied*, 142 S. Ct. 811 (2022). "When the police exhibit 'deliberate,' 'reckless,' or 'grossly negligent' disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs." *Davis v. United States*, 564 U.S. 229, 238 (2011) (citation omitted).

¶19     The State argues that the exclusionary rule is not applicable here because there has been no showing of police misconduct. It argues that the police acted in good faith in reliance on the CI and did not "engage in any misconduct that renders the evidence suppressible[.]" *State v. Kerr*, 2018 WI 87, ¶22, 383 Wis. 2d 306, 913 N.W.2d 787. We disagree. Ensuring that warrantless arrests are supported by probable cause is a basic protection of the Fourth Amendment. This is not a scenario where the police believed that their search fell within the scope of a previous consent for a search, as in *Burch*, 398 Wis. 2d 1, ¶22; or where a police officer relied on a dispatcher's confirmation that the defendant had a warrant, which was later found not to comply with due process, as in *Kerr*, 383 Wis. 2d 306, ¶¶2-3; or where the police officer had an "objective, reasonable reliance upon a search warrant" that authorized no-knock entry, as in *Eason*, 245 Wis. 2d 206, ¶52. The facts and circumstances of Robinson's arrest fall squarely within police control.

¶20     Objective evidence that Robinson probably committed a crime on December 19, 2016, is minimal. The objective facts surrounding his arrest shows a man parked his car, open his trunk, and rummage within it. The CI arranged for

Robinson to meet for a drug deal; however, the police took minimal steps to corroborate the CI's information at the scene or to establish the credibility and reliability of an unknown informant. The police arrested Robinson before a transaction or even a meeting with the CI took place. Although this may be a close call, we do not consider the lack of probable cause for the arrest as merely negligent or in good faith based on error by a third party. Accordingly, we apply the exclusionary rule and suppress the evidence seized as a result of Robinson's arrest.

## CONCLUSION

¶21 For the reasons stated above, we conclude that the circuit court erred when it denied Robinson's motion to suppress. Therefore, we reverse the judgment of conviction and remand with instructions to the circuit court to grant the suppression motion and exclude the evidence seized during Robinson's arrest on December 19, 2016.

*By the Court.*—Judgment reversed and cause remanded with instructions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

11